Cabán García, Juez Ponente
*840 SENTENCIA ENMENDADA
Comparece ante este tribunal, el Sr. William Silva Martínez (Apelante/Silva Martínez) solicitando la revocación de la Sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI) el 23 de agosto de 2007, archivada en autos el 30 de agosto de 2007. Mediante ésta, el TPI declaró con lugar la moción de sentencia sumaria sobre ejecución de hipoteca presentada por Doral Financial Corp. (Apelado/Doral Financial).
Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.
I
En el año 2002, Doral Financial presentó contra el Sr. Silva Martínez una Demanda sobre ejecución de hipoteca por la vía ordinaria y cobro de dinero. Alegó que conforme al contrato de hipoteca y pagaré suscrito entre ambas partes el 9 de junio de 1993, el Sr. Silva Martínez le adeudaba la suma principal de treinta mil ciento cincuenta y nueve dólares con veintiún centavos ($30,159.21) más intereses a razón del siete y medio porciento (7-1/2%) anual desde el 1 de agosto de 2002 y la suma de cinco mil seiscientos veinte cinco dólares ($5,625.00) por costas, gastos y honorarios de abogados.
El 16 de febrero de 2006, archivada en autos el 18 de abril de 2006, el TPI emitió Sentencia en el caso KICD-2002-3937. Mediante ésta, el tribunal apelado desestimó la Demanda por entender que Doral Financial incumplió con la notificación previa requerida en el contrato de hipoteca para ejecutar ésta. 
Posteriormente, el 7 de junio de 2006, Doral Financial presentó nuevamente la Demanda sobre ejecución de hipoteca por la vía ordinaria y cobro de dinero contra el Apelante. Esbozó similares argumentos ostentados en la primera Demanda. 
Luego de varios meses, el 27 de marzo de 2007, el Sr. Silva Martínez solicitó por derecho propio la desestimación del pleito. Entendió que la Sentencia en el caso KICD-2002-3937 constituyó una adjudicación en los méritos en cuestión. En apoyo a su argumento, citó la Regla 39.6(c) de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 39.6(c). También argumentó que la mencionada Sentencia no dispuso que la desestimación fuera sin perjuicio.
Por su parte, Doral Financial se opuso y solicitó la anotación de rebeldía y sentencia. Alegó que el 5 de mayo de 2006, envió por correo certificado una carta de cobro al Sr. Silva Martínez advirtiéndole de su derecho *841 a rehabilitarse y aceleración de la deuda. Así mismo expuso, que a pesar de emplazar al Sr. Silva Martínez por edicto el 11 de enero de 2007, éste no había contestado la Demanda dentro de los veinte (20) días por lo que solicitó se le anotara la rebeldía.
El 26 de abril de 2007, el Sr. Silva Martínez presentó una moción formulando idénticos argumentos desplegados en la desestimación solicitada. Respecto a la contestación de la Demanda, expresó que por haberse presentado una moción conforme a la Regla 10 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 10, no tenía que contestar ésta hasta diez (10) días después de que se dictara la orden denegando la moción o hasta su resolución.
Subsiguientemente, Doral Financial replicó y solicitó al TPI que diera por enterado el cumplimiento del envío de la carta de cobro de dinero por correo certificado al Sr. Silva Martínez antes de presentar la Demanda del 7 de junio de 2006. Igualmente solicitó que diera por cumplido todos los requisitos procesales y sustantivos en ley para una acción en ejecución de hipoteca y cobro de dinero.
El 21 de mayo de 2007, el Sr. Silva Martínez presentó una moción aduciendo que el TPI sólo debía resolver si la Sentencia contenía una expresión a los efectos de si la desestimación de la Demanda fue o no con peijuicio. Entendió que una simple lectura de la Sentencia demostraba que no había ninguna expresión de que la desestimación era sin perjuicio, por lo que entendía que ésta era con perjuicio. De igual manera expresó que la posposición de la resolución de la moción de desestimación lo obligaría a contratar un abogado para la celebración de un juicio así como realizar un descubrimiento de prueba innecesario para la conferencia con antelación al juicio. El 23 de mayo de 2007, notificada el 25 de mayo de 2007, el TPI declaró sin lugar la anterior moción.
Así las cosas, el 13 de jubo de 2007, Doral Financial presentó Moción de Sentencia Sumaria conforme a la Regla 36 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 36. Argumentó que el Sr. Silva Martínez no presentó controversia de hechos ni evidencia de pago que derrotara el incumplimiento señalado en la Demanda, por lo que procedía que el TPI emitiera sentencia sumariamente. Acompañó su solicitud con una declaración jurada del Sr. Edward Cruz Rivera, Supervisor de Ejecuciones y Quiebras de Doral Financial, quien declaró que el Sr. Silva Martínez no había cumplido con los términos y condiciones del pagaré hipotecario. Igualmente, expuso que el Sr. Silva Martínez le adeudaba la cantidad de treinta mil ciento cincuenta y nueve dólares con veintiún centavos ($30,159.21) más intereses a razón del siete y medio por ciento (7-1/2%) anual desde el 1 de agosto de 2002 y la suma de cinco mil seiscientos veinticinco dólares ($5,625.00) para costas, gastos y honorarios de abogado. También anejó copia del pagaré, contrato de hipoteca y estudio de título de la propiedad. El Sr. Silva Martínez se opuso, por entender que el estudio de título era prueba de referencia inadmisible en evidencia. Sin embargo, rehusó objetar la admisibilidad de la prueba si el TPI resolvía la moción de desestimación sin la celebración de una vista.
El 3 de agosto de 2007, el Sr. Silva Martínez contestó la Demanda y presentó las siguientes defensas afirmativas:

“1. La demanda deja de exponer hechos que justifiquen conceder el remedio de ejecución de hipoteca, porque no alega que la hipoteca está inscrita cuya inscripción es constitutiva.

2. Si procediera la demanda, lo que se niega, procedería la reducción de los honorarios de abogado pactados, por cumplimiento sustancial, a tenor con el caso Jack’s Beach Resort v. Cía de Turismo.

3. Procede desestimar la demanda ante sentencia dictada el 16 de febrero de 2006, notificada el 18 de abril de 2006, que desestimó una demanda reclamando el mismo remedio entre las mismas partes, cuya sentencia se dictó con perjuicio, a tenor con la Regla 39.2(b) de Procedimiento Civil. Se presentó moción de desestimación, que está pendiente de resolver. ”

*842 Luego de celebrada la vista, el 23 de agosto de 2007 archivada en autos el 30 de agosto de 2007, el TPI emitió Sentencia declarando con lugar la moción de sentencia sumaria sobre ejecución de hipoteca.
Inconforme con lo resuelto por el TPI, el 27 de septiembre de 2007, el Sr. Silva Martínez, por conducto de su representación legal, presentó Recurso de Apelación ante nos, señalando los siguientes errores:

“1. Erró el Tribunal Superior al dictar una sentencia sumaria improcedente en derecho, especialmente al conceder partidas que no se reclamaron en la demanda, ni en la moción de sentencia sumaria.

2. Erró el Tribunal Superior al no desestimar el caso al amparo de la Regla 39.2(c) de Procedimiento Civil. ”

II
La Regla 36.2 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 36.2, permite a la paite demandada en un pleito solicitar que se dicte sentencia sumaria a su favor sobre la totalidad o cualquier parte de la reclamación. Vera Morales v. Bravo Colón, 161 D.P.R. 308 (2004). La sentencia sumaria es el mecanismo procesal que otorga al juzgador la discreción para disponer de un pleito sin necesidad de celebrar vista evidenciaría. Sin embargo, el principio rector al considerar una moción de sentencia sumaria debe ser el sabio discernimiento del juzgador a los fines de evitar que se despoje a un litigante de su “día en corte”, esto es, del derecho a ser oído en una etapa significativa y oportuna del proceso judicial, lo cual constituye un componente esencial del debido proceso de ley. Rosario Ortiz v. Nationwide Mutual Ins. Co., 158 D.P.R. 775 (2003).
Mediante el mecanismo de la sentencia sumaria, un tribunal puede disponer de un caso sin la celebración de vista en aquellas situaciones en que la parte que la solicita demuestra que no existe controversia en cuanto a los hechos esenciales alegados en la demanda y que tan sólo resta disponer de las controversias de derecho existentes. Medina Morales v. Merck Sharp & Dohme, 135 D.P.R. 716 (1994); Cuadrado Lugo v. Santiago Rodríguez, 126 D.P.R. 272 (1990); Corp. Presiding Bishop v. Purcell, 117 D.P.R. 714 (1986). Para ello, el Tribunal puede descansar en deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, de las que se desprenda la inexistencia de controversias de hechos medulares y que, como cuestión de derecho, debe dictarse sentencia sumaria a favor de la paite promovente. La moción de sentencia sumaria no se puede fundamentar en meras alegaciones, sino que debe estar apoyada en documentos admisibles como evidencia, capaces de demostrar la inexistencia de controversias de tales hechos esenciales.
Ahora bien, la parte que se opone a la solución del caso por la vía sumaria viene obligada a presentar documentos y evidencia que demuestren que en efecto existen tales controversias y que por tanto, por imperativo del debido proceso de ley, procede dilucidarse mediante vista evidenciaría. Sin embargo, el sólo hecho de no haberse opuesto esa paite, con evidencia que controvirtiera la presentada por el promovente, no implica de por sí que proceda la sentencia sumaria o que el promovente tenga derecho a que se dicte a su favor. Jusino et ais. v. Walgreens of San Patricio Inc., 155 D.P.R. 560 (2001).
Este remedio sólo procede “cuando el promovente ha establecido su derecho con claridad y ha quedado demostrado que la parte promovida no tiene derecho alguno bajo cualquier circunstancia discernible de las alegaciones que no hayan sido refutadas”. García Rivera et al. v. Enriquez, 153 D.P.R. 323, 338 (2001). En otras palabras, si la paite que se opone a la sentencia sumaria no puede prevalecer bajo ningún supuesto de hechos y el tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia, procede que se dicte la sentencia sumaria. Management Administration v. E.L.A., 152 D.P.R. 586 (2000).
Toda vez que dicha determinación requiere la adjudicación de un reclamo sin que las partes tengan la oportunidad de presentar su caso ante el tribunal, la jurisprudencia ha concebido la sentencia sumaria como un *843 remedio extraordinario, que sólo debe concederse cuando el promovente ha establecido su derecho con claridad. Benitez Esquilín v. Johnson & Johnson, 158 D.P.R. 170 (2002). Toda duda sobre si un hecho fue controvertido debe resolverse a favor de la parte que se opone a la moción, puesto que, en esta etapa del procedimiento, el juez no debe pasar juicio sobre la credibilidad del contenido de los documentos o las alegaciones. Ruth v. Lugo, 87 D.P.R. 386 (1963).
El Tribunal Supremo ha enfatizado que en los casos en que existe controversia sobre aspectos subjetivos centrales, tales como establecer estados mentales o dirimir credibilidad, no es aconsejable dictar sentencia sumaria. En estos casos, en los que falta la claridad fáctica necesaria, no debe despojarse a un litigante de su “día en corte” para probar sus alegaciones. Rosario Ortiz v. Nationwide Mutual, supra.
La determinación de disponer de un pleito mediante este mecanismo es una que está confiada a la discreción del foro de primera instancia. PFZ Properties v. General Accident Ins. Corp., 134 D.P.R. 181 (1993). Solamente debe dictarse una sentencia sumaria en aquellos casos claros, cuando el Tribunal tenga ante sí la verdad de todos los hechos pertinentes. Rosario v. Nationwide Mutual, supra; Benítez et als. v. J & J, supra; Audiovisual Lang. v. Sist. Est. Natal Hnos., 144 D.P.R. 563, 575 (1997); PFZ Properties, Inc. v. General Accident Ins. Co., supra; Corp. Presiding Bishop C.J.C. of L.D.S. v. Purcell, supra.
Al dictar sentencia sumaria, el Tribunal primero deberá analizar los documentos que acompañan la moción solicitando la misma, los documentos incluidos con la moción en oposición y aquéllos que obren en el expediente. En segundo lugar, el Tribunal debe determinar si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. PFZ Prop., Inc. v. Gen. Acc., Inc. Co., 136 D.P.R. 881 (1994).
Al evaluar una moción de sentencia sumaria, los jueces no están limitados por los hechos o documentos que se aduzcan en la solicitud, sino que deben considerar todos los documentos en autos, sean o no parte de la solicitud de sentencia sumaria, de los cuales surjan admisiones hechas por las partes. Cuadrado Lugo v. Santiago Rodríguez, 126 D.P.R. 272 (1990).
III
La Regla 10.2 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 10.2, permite a un demandado solicitar que se desestime una demanda presentada en su contra, antes de haber contestado la misma. Rafael Hernández Colón, Derecho Procesal Civil, Michie, San Juan, 1997, p. 1999.
Al considerar una moción de desestimación, el tribunal debe dar por ciertas y buenas todas las alegaciones contenidas en la demanda. Ramos v. Marrero, 116 D.P.R. 357, 369 (1985). Como ha señalado nuestro Tribunal Supremo, al pasar juicio sobre la procedencia de una moción de desestimación, el tribunal debe interpretar la demanda lo más liberalmente posible a favor de la parte demandante. Harguindey Ferrer v. U. I., 148 D.P.R 13, 30 (1999); Unisys v. Ramallo Brothers, 128 D.P.R. 842, 858 (1991). Únicamente se desestimará la acción si el promovente no tiene derecho a remedio alguno bajo cualesquiera hechos que pueda probar en juicio. Unisys v. Ramallo Brothers, supra, pág. 858.
El demandado que solicita la desestimación conforme a la Regla 10.2 de Procedimiento Civil, supra, se puede amparar en cualquiera de los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable.
A tenor con la Regla 10.2(5) de Procedimiento Civil, supra, la moción para desestimar no debe considerarse sólo a base de una causa de acción determinada, sino a la luz del derecho del demandante a la *844 concesión de un remedio, cualquiera que éste sea. Por esa razón, la demanda no deberá ser desestimada por insuficiencia, a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en torno a su reclamación. Reyes v. Sucn. Sánchez Soto, 98 D.P.R. 305, 309-310 (1970). Véanse además, Clemente v. Depto. de la Vivienda, 114 D.P.R. 763, 111 (1983); Moa v. E.L.A., 100 D.P.R. 573, 586 (1972).
Por eso, ante una moción para desestimar, “las alegaciones en una demanda hay que interpretarlas conjuntamente y liberalmente a favor del promovente ”. Sánchez Montalvo v. Aut. de Puertos y American Airlines, 153 D.P.R. 559 (2001). A los fines de la moción de desestimación, hay que aceptar como cierto todo cuanto se alega en la demanda. El tribunal también deberá conceder el beneficio de toda inferencia que sea posible hacer de los hechos bien alegados de la demanda. José A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Publicaciones J.T.S., 2000, Vol. I, a la pág. 271.
IV
Respecto al primer señalamiento de error del Apelante, entendemos que en el caso de marras el TPI emitió Sentencia Sumaria conforme a la Regla 36 de Procedimiento Civil, supra.
La moción presentada por Doral Financial solicitando sentencia sumaria estuvo acompañada de una declaración jurada evidenciando que ésta realizó múltiples gestiones de cobro al Sr. Silva Martínez. También anejó copia del pagaré, contrato de hipoteca y estudio de título de la propiedad, los que demuestran la relación jurídica entre ambas partes. Ante dichos documentos, el TPI tenía suficiente evidencia para poder emitir su decisión. Es decir, podía determinar que ambas partes suscribieron un pagaré y como garantía de pago otorgaron un contrato de hipoteca. También el tribunal apelado podía concluir que según los términos y condiciones del referido contrato, Doral Financial podía declarar vencida la totalidad de la deuda y tendría derecho a reclamar el cobro por la vía judicial del Sr. Silva Martínez omitir el pago de una o más mensualidades de la hipoteca. 
Posteriormente, el Sr. Silva Martínez se limitó a presentar mociones que solicitaban al TPI que resolviera si la Sentencia en el caso KICD 2002-3937 contenía una expresión a los efectos de si la desestimación de la primera demanda fue o no con perjuicio. No presentó evidencia adicional para refutar las alegaciones de Doral Financial. Solamente objetó que la moción de sentencia sumaria no acompañó una certificación registral de la propiedad a ejecutarse y que posteriormente Doral Financial presentó. Inclusive, las defensas afirmativas contenidas en la contestación a la demanda y presentadas luego de la solicitud de sentencia sumaria son insuficientes también para impugnarla.
Al dictar sentencia sumaria, el Tribunal primero deberá analizar los documentos que acompañan la moción solicitando la misma, los documentos incluidos con la moción en oposición y aquéllos que obren en el expediente. En segundo lugar, el Tribunal debe determinar si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. PFZ Prop., Inc. v. Gen. Acc., Inc. Co., 136 D.P. R. 881 (1994). Este remedio sólo procede “cuando el promovente ha establecido su derecho con claridad y ha quedado demostrado que la parte promovida no tiene derecho alguno bajo cualquier circunstancia discernible de las alegaciones que no hayan sido refutadas”. García Rivera et al. v. Enriquez, 153 D.P.R. 323, 338 (2001).
Doral Financial estableció con claridad su derecho a declarar vencida la deuda asumida por el Sr. Silva Martínez. Como tenedor del pagaré hipotecario tenía derecho a ejecutar la hipoteca por la vía ordinaria, todo ello conforme a los términos y condiciones pactados en el contrato. Asimismo, demostró que no existía controversia en cuanto a los hechos esenciales alegados en la demanda y que tan sólo restaba disponer de las controversias de derecho existentes. El Sr. Silva Martínez no controvirtió los argumentos de Doral Financial y tampoco los documentos en autos demostraron que existían controversias de hechos que impedían al TPI emitir sentencia sumariamente.
*845 El TPI podía conceder todos aquellos remedios que a su entender tenía derecho Doral Financial. Esto, a pesar de que no fueran solicitados en la Demanda ni en la Moción de Sentencia Sumaria presentada por Doral Financial. Nuestras Reglas de Procedimiento Civil, así como la jurisprudencia, han reiterado que “independientemente si estuvieran contenidos o no en la súplica, un tribunal concederá en su sentencia el remedio a que tenga derecho la parte a cuyo favor se dicte, aun cuando ésta no lo haya solicitado”. Neca Mortg. Corp. v. A&W Dev. S.E., 137 D.P.R. 860, 868-869 (1995). Véase también, Regla 43.6 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 43.6; Soto López v. Colón, 143 D.P.R. 282 (1997); Marín v. Fastening Systems, Inc., 142 D.P.R. 499 (1997) Dávila v. Valdejulli, 84 D.P.R. 101 (1961); Piovanetti v. Vivaldi, 80 D.P.R. 108 (1957).
Aclarado el primer error señalado, pasamos a resolver la controversia medular del caso. ¿Fue la desestimación del primer pleito entre las partes en el caso KICD 2002-3937 una adjudicación en lo méritos, es decir, con perjuicio? Veamos.
El caso antes nos, comenzó con la presentación de una Demanda en el 2002 por Doral Financial. El TPI la desestimó por entender que incumplió con la notificación previa requerida en el contrato de hipoteca para su ejecución. En otras palabras, la acción fue prematura. Se necesitaba realizar la notificación para presentar la Demanda. Sin embargo, el tribunal inferior no realizó ninguna determinación respecto a si fue o no con perjuicio.
Posteriormente, Doral Financial presentó nuevamente la Demanda sobre ejecución de hipoteca por la vía ordinaria y cobro de dinero esbozando similares argumentos ostentados en la primera Demanda. Pues, conforme a la cláusula 18 del contrato de hipoteca se requería la reabzación de una notificación por correo antes de acelerar su vencimiento que incluyera: “(1) el incumplimiento: 2) la acción requerida para subsanar dicho incumplimiento: (3) la fecha anterior a treinta (30) días a partir de la fecha de envío por correo de la notificación al Deudor, antes de la cual dicho incumplimiento deberá ser subsanado: y (4) una indicación de que dejar de subsanar dicho incumplimiento en o antes de la fecha limite especificada en la notificación podrá resultar en la aceleración del vencimiento de las sumas garantizadas por esta Hipoteca, ejecución por la vía judicial y la venta de la Propiedad. ”
La notificación tenía que incluir también el derecho del Sr. Silva Martínez a la rehabilitación con posterioridad a la aceleración y de su derecho a aseverar la inexistencia de incumplimiento o cualquier otra defensa a la aceleración o ejecución en cualquier procedimiento. Conforme al inciso 4 de la cláusula 18 del contrato de hipoteca, era mandatario, como paso inaugural para la presentación de cualquier acción judicial, que Doral Financial enviara una notificación. Es decir, según los términos del contrato, el Apelado estaba obligado contractualmente a remitir tal notificación para que su derecho a reclamar la ejecución de la hipoteca por la vía ordinaria y el cobro de dinero fuera viable. De lo contrario, su acción judicial era prematura y los tribunales no tendrían jurisdicción para resolver la controversia. No dudamos en que actuó correctamente el TPI al desestimar la reclamación en el primer caso.
Sin embargo, entendemos que tal desestimación fue sin peijuicio. Doral Financial podía nuevamente presentar su reclamación una vez cumpliera con los términos y condiciones del contrato de hipoteca sobre notificación de vencimiento de deuda. La Sentencia en el caso KICD 2002-3937 no constituyó una adjudicación en los méritos ni cosa juzgada. Por tanto, el efecto de tal determinación es que no haya impedimento alguno para que en un litigio posterior entre las mismas partes y sobre la misma acción y cosas, se litigue y adjudiquen las controversias.
Debemos aclarar que es la Regla 10.2 y no la Regla 39.2(c) de Procedimiento Civil, supra, la que gobierna la controversia de este recurso. Erróneamente, el Apelante aduce que la desestimación de la primera Demanda fue con perjuicio porque según la Regla 39.2(c) de Procedimiento Civil, supra, el TPI no dispuso que *846 fuera sin perjuicio. De antemano debemos recordar que la Regla 39.2(c) está disponible cuando el demandante ha terminado de presentar su prueba en el juicio y no sostiene su caso con ésta y no tiene derecho a remedio alguno.
En el caso ante nos, luego de Doral Financial presentar la Demanda nuevamente, el Sr. Silva Martínez replicó mediante una moción de desestimación. Utilizó erróneamente en apoyo a su argumento, la Regla 39.2(c) de Procedimiento Civil, supra. Hasta ese momento, el caso no se encontraba en la etapa del juicio. Tampoco Doral Financial había desfilado completamente su prueba. Inclusive, el Sr. Silva Martínez no había presentado su contestación a la Demanda.
No obstante, la moción de desestimación del Sr. Silva Martínez fue presentada como una defensa disponible bajo la Regla 10.2 de Procedimiento Civil, supra. Tal moción realmente intentaba solicitar la desestimación de la demanda por Doral Financial dejar de exponer una reclamación que justificara la concesión de un remedio.
La Regla 10.2 de Procedimiento Civil, supra, permite que un demandado solicite la desestimación de una demanda antes de contestar la misma. Al considerar una moción de desestimación bajo esta regla, el tribunal debe dar por ciertas y buenas todas las alegaciones contenidas en la demanda. Ramos v. Marrero, 116 D.P.R. 357, 369 (1985). Únicamente, se desestimará la acción si el promovente no tiene derecho a remedio alguno bajo cualquiera de los hechos que pueda probar en el juicio. Unisys v. Ramallo Brothers, 128 D.P.R. 842, 858 (1991).
Una interpretación liberal de la Demanda en el caso de marras muestra que Doral Financial tenía con toda probabilidad prueba que justificara su reclamación asumiendo el TPI como ciertos los hechos bien alegados en la demanda. Esta incluyó una descripción de la propiedad a ejecutarse, así como una relación breve y sucinta sobre los términos y condiciones del contrato y la cantidad de la deuda conforme a la Regla 6.1 de Procedimiento Civil, supra. Más aún, al Doral Financial oponerse por primera vez'a la desestimación de la reclamación, éste alegó que el 5 de mayo de 2006 había enviado por correo certificado Una carta de cobro al Sr. Silva Martínez advirtiéndole de su derecho a rehabilitarse y sobre aceleración de la deuda. •,
Por tanto, estableció con claridad que de probar en su día que el Sr. Silva Martínez le adeudaba diversas mensualidades, ésta tendría derecho a declarar- vencida la deuda. También demostró que de probar que es tenedor del pagaré hipotecario tendría derecho a proceder a ejecutar la hipoteca por la vía ordinaria, todo ello conforme a los términos y condiciones pactados en el contrato.
Respecto al señalamiento del Apelante de que conforme a la Regla 39.2 de Procedimiento Civil, süpra, toda desestimación tiene el efecto de una adjudicación en los méritos con excepción de las que se hubieran emitido por falta de jurisdicción o por haber omitido acumular una parte indispensable, ésta es incorrecta. Una lectura textual daría tal impresión. No obstante, en Sales v. Samac Motor Corp., 92 D.P.R. 529, 541 (1965), nuestro más alto foro expresó: “Así, en Costello v. U.S., 365 U.S. 265, 286 in fine (1961), el Tribunal expresó que al aplicarse la Regla 41(b) a situaciones no previstas por dicha regla (como es el caso de autos) es razonable limitar su operación a aquellas situaciones que están comprendidas dentro de la política qtíe informa las causas enumeradas en dicha regla.” El Tribunal Supremo de Estado Unidos rehusó interpretar literalmente las excepciones de la Regla 41(b) de Procedimiento Civil Federal equivalente-a la Regla 39.2 local. 
En el caso de autos, resultaría injusto y conforme a la Regla 1 de Procedimiento Civil, supra, interpretar que la desestimación del TPI era con perjuicio. Pues, una desestimación con perjuicio no es cosa que puede deducirse de una expresión ambigua o poco clara de un tribunal. Sales v. Samac Motor Corp, supra. Al igual que en Costello v. U.S., supra, el TPI no especificó si la desestimación fue o no con perjuicio. Sin embargo, la *847 acción, por haber sido presentada prematuramente, debe ser considerada sin perjuicio para que en un litigio posterior entre las mismas partes y sobre la misma acción y cosas, se litigue y adjudique con propiedad las controversias. 
El TPI finalmente adjudicó la controversia mediante sentencia sumaria luego de evaluar los documentos que acompañaron la moción solicitando la misma, los argumentos incluidos con la moción en oposición y aquéllos que obraban en el expediente. En conclusión, el TPI ordenó al Sr. Silva Martínez a satisfacer a Doral Financial la cantidad de treinta mil ciento cincuenta y nueve dólares con veintiún centavos ($30,159.21) más intereses a razón del siete y medio porciento (7-1/2%) anual desde el 1 de agosto de 2002 y la suma de cinco mil seiscientos veinte cinco dólares ($5,625.00) por costas, gastos y honorarios de abogado. También lo condenó a pagar los cargos por demora por concepto de mensualidades impagadas, seguros y cualesquiera otros adelantos en virtud de las disposiciones del contrato de hipoteca y pagaré suscritos entre ambas partes. La controversia entre las partes definitivamente fue adjudicada propiamente.
V
Por los fundamentos antes expuestos, confirmamos la Sentencia apelada. El tribunal apelado no cometió ninguno de los errores señalados.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
Leda. María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones
ESCOLIOS 2008 DTA 25
1. Anteriormente, durante el proceso, el Sr. Silva Martínez apeló por derecho propio la Sentencia del TPI emitida el 15 de octubre de 2004 ante el Panel XV del Tribunal de Apelaciones. Mediante Sentencia en el caso KLAN-2004-01474, ordenamos al TPI que resolviese la moción de desestimación presentada por el Apelante y le concediese un término para que contestara la demanda conforme a la Regla 10.2 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 10.2, y su jurisprudencia interpretativa.
2. La Cláusula 18 del contrato de hipoteca disponía:
“[...]el prestador, antes de acelerar su vencimiento, enviará por correo notificación al Deudor, según dispuesto en el párrafo 14 de la presente, especificando lo siguiente: (1) el incumplimiento: 2) la acción requerida para subsanar dicho incumplimiento: (3) la fecha anterior a treinta (30) días a partir de la fecha de envió por correo de la notificación al Deudor, antes de la cual dicho incumplimiento deberá ser subsanado: y (4) una indicación de que dejar de subsanar dicho incumplimiento en o antes de la fecha limite especificada en la notificación podrá resultar en la aceleración del vencimiento de las sumas garantizadas por esta Hipoteca, ejecución por la vía judicial y la venta de la Propiedad. La notificación mformará al Deudor, además, de su derecho a rehabilitación con posterioridad a la aceleración y de su derecho a aseverar la inexistencia de incumplimiento o cualquier otra defensa del Deudor a la aceleración o ejecución en cualquier procedimiento de ejecución. [...]". [Enfasis Nuestro].
3. Doral Financial argumentó que el Sr. Silva Martínez le adeudaba la cantidad de treinta mil ciento cincuenta y nueve dólares con veintiún centavos ($30,159.21) más intereses a razón del siete y medio porciento (7-1/2%) anual desde el 1 de agosto de 2002 por haber incumplido con los términos del contrato de hipoteca y pagaré y la suma de cinco mil seiscientos veinticinco dólares ($5,625.00) para costas, gastos y honorarios de abogado.
4. La Regla 10.2 de Procedimiento Civil, establece que:

“Regla 10.2. Cómo se presentan.

Toda defensa de hechos o de derecho contra una reclamación en cualquier alegación, ya sea demanda, reconvención, *848 demanda contra coparte, o demanda contra tercero, se expondrá en la alegación respondiente que, se haga a las mismas, en caso de que se requiera dicha alegación respondiente, excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable. Una moción en que se formule cualesquiera de estas defensas deberá presentarse antes de alegar, si se permitiere una alegación adicional. No se entenderá renunciada ninguna defensa u objeción por haber sido formulada conjuntamente con.otra u otras defensas u objeciones en una alegación respondiente o moción. Si una alegación formulare una reclamación contra la cual la parte no estuviere obligada a presentar una alegación respondiente, dicha parte podrá mantener en el juicio cualquier defensa de hechos o de derecho en contra de dicha reclamación. Si en una moción en que se formulare la defensa número (5) se expusieren materias no contenidas en la alegación impugnada y éstas no fueren excluidas por el tribunal, la moción deberá ser considerada como una solicitud de sentencia sumaria y estará sujeta a todos los trámites ulteriores provistos en la Regla 36 hasta su resolución final y todas las partes deberán tener una oportunidad razonable de presentar toda materia pertinente a dicha moción bajo dicha regla. ” [Enfasis Nuestro].
5. Véase, Apéndice del Recurso de Apelación, p. 57.
6. La Regla 39.2(c) de Procedimiento Civil proviene de la Regla 41(b) de Procedimiento Civil Federal que dispone:
“Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as and adjudication upon the merits.” (28 U.S.C.).
7. El Apelante citó textualmente como parte de su argumento la Regla 39.2 de Procedimiento Civil, supra:
“A menos que el tribunal en su orden de desestimación lo disponga de otro modo, una desestimación bajo esta Regla 39.2 y cualquier otra desestimación, excepto la que se hubiere dictado por falta de jurisdicción, o por haber omitido acumular una parte indispensable, tienen el efecto de una adjudicación en los méritos. ” [Énfasis Nuestro].
8. The Court noted that at common law, a dismissal on a ground not going to the merits was not ordinarily a bar to a subsecuente action of the same claim and could “not discern in Rule 41(b) a purpose to change this common-law principle with respect to dismissals in which the merits could not be reached for failure of the plaintiff to satisfy a precondiction.” Costello v. U.S., supra, 286.
9. Los comentaristas Wright & Miller, Federal Practice and Procedure (1995), p. 405-406, expresan sobre la Regla 41(c) de Civil Federal equivalente a la Regla 39.2(c) local que:
"On a similar principal, it has been held that dismissals that do not reach the merits because of a lack of jurisdiction, because the action was premature, or because it was brought by the wrong plaintiff, must be considered to be without prejudice. ” [Enfasis Nuestro].