*992 TEXTO COMPLETO DE LA SENTENCIA
Los apelantes, Oscar A. Pagán Rivera, Berto Méndez Morales, Carlos M. Cora Corcino, José Carmona Carmona, David Meléndez Adorno y Angel L. Viera Mendoza (los apelantes) comparecen ante nos solicitando la revocación de una sentencia sumaria parcial emitida por el Hon. Ramón L. Meléndez Castro, Juez Superior del Tribunal de Primera Instancia, Sala de San Juan (TPI). En la sentencia apelada se declaró con lugar una moción de sentencia sumaria presentada por el Frente Unido de Policías Organizados, Inc. (FUPO), a la que se unieron los otros apelados, y se desestimó la demanda incoada contra éstos.
Examinados en su totalidad los hechos del caso y el derecho aplicable, confirmamos la sentencia apelada.
I
El 17 de marzo de 2006, el Comité Ejecutivo de la FUPO le notificó por escrito al Sr. Oscar Pagán (Sr. Pagán) la suspensión sumaria como Presidente de dicha organización por irregularidades en el desempeño de sus labores o funciones. El 20 de marzo de 2006, el Sr. Carlos Cora Corsino (Sr. Cora Corsino), miembro de la Junta de Directores de FUPO, preparó un documento denominado “Resolución” por medio del cual se notificaba que una mayoría de los miembros de la Junta de Directores había aprobado restituir al Sr. Pagán a su puesto de Presidente.
El documento fue presentado ante FUPO el 21 de marzo de 2006. Ese mismo día, el Comité Ejecutivo le encargó al Ledo. José Avilés Lamberty (Ledo. Avilés Lamberty) efectuar una investigación sobre la Resolución preparada y presentada por el Sr. Cora Corsino. La investigación realizada por el Ledo. Avilés Lamberty reveló *993 que diez (10) de los quince (15) miembros cuyos nombres aparecían en la Resolución no conocían el contenido de la misma y no habían dado su aprobación. En consecuencia, el 27 de marzo de 2006 se notificó la suspensión sumaria e intención de expulsión de la Junta de Directores de FUPO a los cinco (5) miembros que afirmaron haber aprobado la Resolución del 20 de marzo de 2006. También se les notificó de su derecho a solicitar una vista administrativa. Luego, el 12 de abril de 2006 se notificó personalmente a éstos que la vista administrativa se celebraría el 28 de abril de 2006.
Los apelantes no comparecieron a la vista administrativa, la cual se celebró sin su participación al constatarse que éstos habían sido notificados de la misma por escrito y mediante notificación personal. En la vista se presentó el testimonio del Ledo. Avilés Lamberty; de la Sra. Terisabel Arroyo Cotto, Secretaria Ejecutiva de FUPO; del Sr. Marcelino Esquilín Esquilín, Vicepresidente de FUPO; y de los diez Directores [1] que no aprobaron la resolución de la Junta de Directores del 20 de marzo de 2006. También se presentó la siguiente prueba documental: (1) Resolución del 20 de marzo de 2006 suscrita por el Sr. Cora Corcino; (2) Transcripción de conversaciones telefónicas que sostuviera el Ledo. Avilés Lamberty con los diez Directores antes mencionados; (3) Fax enviado a FUPO por el Sr. Carlos M. Soto Torres desautorizando uso de su nombre en la resolución del 20 de marzo de 2006; (4) Carta de la Sra. Daisy Carlo de Rodríguez y su esposo Oscar Rodríguez, indicando que no autorizaban el contenido de la resolución preparada por el Sr. Cora Corcino; (5) Declaración jurada de la Sra. Terisabel Arroyo Cotto ante la Leda. Awilda Martínez Nadal; y (6) Declaración jurada del Sr. Marcelino Esquilín Esquilín, ante la Leda. Awilda Martínez Nadal.
A base del testimonio de los testigos que declararon en la vista y del contenido de la prueba documental considerada, el Oficial Examinador dedujo que se probaron los cargos formulados contra los apelantes por las violaciones al Reglamento de FUPO que le fueron imputadas. Concluyó, además, que éstos renunciaron a su derecho a presentar prueba y a contrainterrogar testigos al no comparecer a la vista luego de haber sido debidamente notificados. Recomendó la destitución de los apelantes de sus cargos como Presidente y como miembros de la Junta de Directores de FUPO y la expulsión permanente de todos como miembros y socios de FUPO.
El 11 de mayo de 2006, la Junta de Directores de FUPO notificó individualmente a los apelantes la expulsión de ellos como miembros de dicha organización y les advirtió de su derecho a revisar dicha determinación ante el TPI.
Los apelantes presentaron una solicitud de auto de injunction ante el TPI para restaurar en sus poderes a los destituidos. Luego de celebrada vista en que las partes fueron escuchadas, el TPI declaró sin lugar la petición de injunction, realineó a FUPO como parte demandada y convirtió el pleito en uno ordinario. El 30 de diciembre de 2008, los apelantes presentaron demanda enmendada para solicitar, además de la restauración a sus puestos, compensación por daños y perjuicios.
Terminado el descubrimiento de prueba, el TPI solicitó que las partes expusieran con claridad e individualmente cada hecho que no estuviere en controversia, indicando específicamente la prueba que lo sustentaba. Así las cosas, el 2 de diciembre de 2008, la FUPO presentó una moción solicitando que se dictara sentencia sumaria a su favor. En síntesis, esbozó entre los hechos que no están en controversia los siguientes: [2]
“1. El Frente Unidos de Policías Organizados, Inc. (FUPO), es una corporación organizada bajo las leyes del Estado Libre Asociado de Puerto Rico, Ley Núm. 144 de 10 de agosto de 1995, según enmendada, dirigida por una Junta de Directores y un Comité Ejecutivo.
2. El 17 de marzo de 2006, el Comité Ejecutivo del FUPO notificó por escrito al demandante Oscar Pagán su suspensión sumaria de empleo debido al hallazgo de irregularidades administrativas.
*994 3. El 20 de marzo de 2006, el demandante Carlos Cora Corcino preparó un documento titulado Resolución dirigido al Sr. Diego Figueroa, Vicepresidente del FUPO, donde “se le ordena: Dejar sin efecto la decisión tomada por el Comité Ejecutivo contra el Sr. Oscar Pagán...” entre otras órdenes.
4. En el documento titulado Resolución de 20 de marzo de 2006 se establece que una mayoría de la Junta de Directores de FUPO (15 miembros) habían aprobado la resolución y decidido restaurar en la Presidencia al codemandante Oscar Pagán.
5. El 21 de marzo de 2006, tres miembros de la Junta de Directores que aparecen entre los alegados quince (15) miembros-cursaron cartas el Vicepresidente Figueroa indicando que no habían aprobado tal Resolución.
6. El demandante Oscar Pagán conocía del contenido de la llamada Resolución que lo reestablecía en la Presidencia con todos los poderes.
7. El mismo 21 de marzo de 2006, eL Comité Ejecutivo del FUPO encomendó al licenciado José Avilés Lamberty una investigación para determinar si se había falsificado el contenido de la Resolución de 20 de marzo de 2006.
8. El licenciado Avilés Lamberty grabó y transcribió el proceso de entrevista por teléfono e individuales a cada miembro de la Junta de Directores del FUPO, indagando sobre la corrección del contenido de la Resolución.
9. De la transcripción de la investigación surge que diez (10) de los quince (15) miembros de la Junta de Directores que aparecen aprobando la Resolución nunca lo hicieron, a saber, Carlos Soto, Israel López, Marcus Ortiz, Hermenegildo Rivera, José Navarro, Arturo Centeno, Daisy Cario, Oscar Rodríguez, Luis Castrello, Raúl Rodríguez.
10. Luego de esta investigación, los cinco (5) miembros de la Junta de Directores que alegaron que sí habían aprobado la Resolución y el Sr. Oscar Pagán (los aquí demandantes) recibieron notificaciones escritas indicando que estaban suspendidos sumariamente, apercibiéndose de su derecho a solicitar una vista administrativa.
11. A todos los demandantes se le apercibió por escrito en una segunda ocasión de su derecho a solicitar una vista interna, a estar asistido de abogado, aunque FUPO -por.razones éticas y reglamentarias-, no pagaría sus honorarios.
El FUPO notificó por escrito a todos los demandantes sobre la fecha, hora y lugar de la vista interna.
12. El licenciado Víctor Otero Vicente fue contratado para celebrar las vistas administrativas a los seis miembros suspendidos sumariamente.
13. La vista interna se celebró el 28 de abril de 2006, ante el Oficial Examinador Víctor Otero Vicente, quien rindió un informe escrito sobre lo acontecido. Los aquí demandantes optaron por no comparecer a formular sus planteamientos.
14. El 11 de mayo de. 2006, la Junta de Directores del FUPO, por votación mayoritaria, decidió expulsar a los demandantes de la organización, notificándoles por escrito de la determinación.
La decisión de expulsar a los demandantes de FUPO se hizo por escrito, con las firmas de los miembros de la Junta de Directores del FUPO, y fue notificada a todos los demandantes.
15. FUPO cumplió con todo el debido proceso de ley que se exige para expulsar a los demandantes de la *995 organización: investigación, notificación de cargo, notificación de vista, celebración de vista, y notificación de la decisión tomada.”
Por su parte, el demandante Oscar A. Pagán Rivera y otros presentaron el 28 de abril de 2008 una moción en .oposición a la solicitud de sentencia sumaria y solicitaron que se dictara sentencia sumaria parcial a su favor. En resumen argüyeron que la moción de solicitud de sentencia sumaria de FUPO no cumplía con la Regla 36 de Procedimiento Civil por carecer de prueba robusta y convincente. Indican que no acompañan otros documentos y declaraciones juradas en apoyo de la solicitud, y sólo incluye el Reglamento de FUPO y partes incompletas y sacadas fuera de contexto de la deposición de uno de los demandantes. También aducen que los hechos que no están en controversia, no son pertinentes al caso de autos; tampoco existe una decisión final de FUPO sobre los referidos hechos y que la mayoría son simplemente alegaciones que son incorrectas y otras son falsas que inducen a error y no concuerdan con las declaraciones tomadas a uno sólo de los seis demandantes. Además, sostienen que la aplicación e interpretación del derecho es equivocada e induce a error. Por último, plantean que la parte demandada no ha demostrado con prueba pertinente, admisible y contundente que no existe controversia en cuanto a los hechos y controversias verdaderas de las reclamaciones en la demanda. En atención a lo anterior, solicitaron que el T.P.I. declarara no ha lugar la petición de sentencia sumaria. [3]
El 9 de junio de 2009, el TPI notificó una Sentencia Sumaria Parcial emitida al amparo de la Regla 43.5 de las de Procedimiento Civil, declarando ha lugar la solicitud de sentencia sumaria de los apelados y desestimando la demanda éstos. La oportuna moción de reconsideración fue declarada no ha lugar mediante orden del 25 de junio de 2009, notificada el 30 de junio de 2009.
Inconformes, el 9 de julio de 2009, los apelantes presentaron escrito de apelación ante este Tribunal señalando diez errores en los cuales básicamente impugnaron la determinación del TPI de dictar sentencia sumaria en cuanto a una de varias causas de acción de la demanda presentada contra los aquí apelados. Estos presentaron una “Oposición a Recurso de Apelación” el 30 de septiembre de 2009. Luego, el 22 de octubre de 2009, los apelantes presentaron una “Moción Urgente en Auxilio del Tribunal”, solicitando que paralizáramos una vista de conferencia con antelación al juicio pautada para el 1 de diciembre de 2009, relacionada con la reconvención del co-demandado FUPO, asunto que no fue resuelto por la sentencia apelada en este caso. El auxilio de jurisdicción fue declarado no ha lugar por tratarse de un incidente interlocutorio en el pleito que quedó pendiente ante el TPI el cual debería ser revisado mediante la presentación de un recurso de certiorari y no mediante esta apelación. Véase, Regla 32 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, R. 32.
n
Veamos el esquema procesal aplicable y la doctrina jurisprudencial en tomo al mecanismo de la sentencia sumaria.
La Regla 36.1 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 36.1, faculta a toda persona que solicita un remedio mediante una demanda, reconvención, demanda contra coparte, contra tercero o sentencia declaratoria, a presentar una moción para que se dicte sentencia sumariamente sobre la totalidad o cualquier parte de la reclamación. Dicha moción podrá basarse en declaraciones juradas, aunque no necesariamente, y podrá radicarse una vez hayan transcurrido veinte (20) días de la fecha en que se emplazó al demandado o a partir de la parte contraria haberle notificado una moción solicitando sentencia sumaria. Regla 36.1 de Procedimiento Civil, supra. Véase: P.A.C. v. E.L.A., 150 D.P.R. 359 (2000); Piñero v. A.A.A., 146 D.P.R. 890 (1998); Soc. Gananciales v. Vérez & Asoc., 145 D.P.R. 508 (1998); Soto v. Caribe Hilton, 137 D.P.R. 294 (1994).
El propósito principal de la sentencia sumaria es la solución de las controversias ante el tribunal sin que sea necesario llegar a la etapa avanzada de un juicio. Claro está, enmarcado por el principio innegable que ordena alcanzar una decisión justa. Vera v. Dr. Bravo, 161 D.P.R. 308 (2004); Santiago v. Ríos Alonso, 156 D.P.R. 181 *996 (2002). Por lo tanto, las solicitudes de sentencia sumaria deberán incluir anejos de prueba para sustentar las alegaciones y que, si no es refutada adecuadamente, inclina el pleito a favor del promovente. Cuadrado Lugo v. Santiago Rodríguez, 126 D.P.R. 272 (1990). Más aún, al resolver una moción de sentencia sumaria, el tribunal tiene que presumir que son ciertos todos los hechos no controvertidos que se hacen constar en los documentos y las declaraciones juradas admisibles en evidencia, y tiene que verlos de la forma más favorable para la parte que se opone a la moción, concediéndole a ésta el beneficio de toda inferencia razonable que se pueda derivar de ellos. Rivera v. Jaume, 157 D.P.R. 562 (2002).
Así pues, la sentencia sumaria debe utilizarse cuando el promovente ha establecido su derecho con claridad y ha quedado demostrado que la parte promovida no tiene derecho alguno bajo cualquier circunstancia discernible de las alegaciones que no han sido refutadas. Benítez et als. v. J & J, 158 D.P.R. 170 (2002); García Rivera, et al. v. Enríquez, 153 D.P.R. 323 (2001). Además, procede dictar sentencia sumaria solamente cuando no existe una disputa legítima de hecho a ser determinada y sólo resta aplicar el derecho. Benítez et als. v. J & J, supra. Véase además, Santiago v. Ríos Alonso, supra; Asoc. Pesc. Pta. Figueras v. Pto. Del Rey, 155 D.P.R. 906 (2002); Pardo v. Sucn. Stella, 145 D.P.R. 816 (1998); Medina Morales v. Merk, Sharp & Dome Química de Puerto Rico, supra.
Ante la presentación de una solicitud de sentencia sumaria sustentada según lo dispuesto en las Reglas de Procedimiento Civil, la parte promovida no puede descansar meramente en las aseveraciones o alegaciones contenidas en su demanda. Por el contrario, el promovido viene obligado a contestar en forma tan detallada y específica como lo hizo el promovente. Es decir, tendrá que exponer los hechos pertinentes a la controversia real que debe ser dilucidada en un juicio. Si el promovente falta a esto, deberá el tribunal dictar sentencia sumaria en su contra si procediera en derecho. Vera v. Dr. Bravo, supra; P.A.C. v. E.L.A., supra; Audiovisual Lang. v. Sist. Est. Natal Hnos., 144 D.P.R. 563 (1997); PFZ Properties v. General Accident Insurance Corp., 136 D.P.R. 881 (1994); Pilot Life Insurance Company v. Crespo Martínez, 136 D.P.R. 624 (1994).
No obstante, es norma reiterada en esta jurisdicción que la sentencia sumaria es un remedio extraordinario y discrecional. Audiovisual Lang. v. Sist. Est. Natal Hnos., supra. Por consiguiente, el uso de este mecanismo tiene que ser mesurado y procederá sólo cuando el tribunal quede claramente convencido de que tiene ante sí documentos no controvertidos, surgiendo de los mismos que no existen controversias sobre hechos materiales y esenciales y que, por lo tanto, lo que resta es aplicar el derecho, ya que una vista en los méritos resultaría innecesaria. Jusino et als. v. Walgreens, 155 D.P.R. 560 (2001).
La evaluación de los hechos, documentos y el derecho al momento de decidir si se emite la sentencia sumaria está sujeto a lo que surja claramente del expediente con relación a si existen o no controversias de hechos materiales y al derecho aplicable. En tal caso, al dictar sentencia sumaria, el tribunal tendrá que: (1) analizar los documentos que acompañan la moción solicitando sentencia sumaria y los documentos incluidos con la moción de oposición y aquellos que obren en el expediente del tribunal; y (2) determinar si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. Finalmente, el tribunal no deberá dictar sentencia sumaria cuando: (1) existen hechos materiales no controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material; o (4) como cuestión de derecho no procede. Vera v. Dr. Bravo, supra; PFZ Properties v. General Accident Insurance Corp., supra.
De igual forma, el juzgador de los hechos debe tener presente que una parte tiene derecho a un juicio plenario cuando existe la más leve o mínima duda en cuanto a cuáles son los hechos materiales y esenciales. Toda duda en cuanto a la existencia de una controversia real sobre los mismos debe resolverse en contra de la parte que solicita la sentencia sumaria. El propósito de utilizar un criterio tan estricto para evaluar una moción de sentencia sumaria es que no se ponga en peligro o se lesionen los intereses de las partes.
*997 Por ultimo, el Tribunal Supremo de Puerto Rico ha señalado que la sentencia sumaria no debe proceder en casos donde hay elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor credibilidad sea esencial. Soto v. Hotel Caribe Hilton, supra.
m
Discutiremos los errores señalados en conjunto por estar los mismos relacionados.
La parte apelante alega que el TPI erró al dictar sentencia sumaria parcial mediante la cual desestimó la demanda contra los aquí apelados. Desafortunadamente, como bien señalan los apelados en su oposición al recurso de apelación, los apelantes descansan solamente en sus alegaciones sin contradecir la prueba presentada por los apelados. En su escrito de apelación se limitan a hacer meras alegaciones e interpretaciones subjetivas sin señalar específicamente la evidencia que demuestra que existen controversias de hechos que deben ser dirimidas en un juicio en pleno. Tampoco establecen cuáles, si alguno, son los elementos subjetivos de intención, negligencia, propósitos mentales o factores esenciales de credibilidad que están presentes en la prueba.
Al examinar las mociones de sentencia sumaria presentadas por las partes, notamos el mismo patrón. Es decir, mientras los apelados exponen los hechos que no están en controversia señalando los testimonios o documentos que así lo confirman y que fueron recopilados durante el descubrimiento de prueba, los apelantes se limitan a hacer meras alegaciones de que la investigación de los malos manejos de fondos, etc., imputados al Sr. Pagán, eran “imputaciones incorrectas y falsas” que formaban parte de “un complot para lograr destituir y expulsar al Sr. Oscar Pagán de la Presidencia y apoderarse del Comité Ejecutivo”. Sin embargo, los apelantes no sostienen esas alegaciones con la documentación que someten.
Como mencionáramos anteriormente, para derrotar una moción de sentencia sumaria, la parte promovida opositora, en este caso, los apelantes, no pueden descansar en meras aseveraciones o alegaciones contenidas en la demanda. Por el contrario, los apelantes vienen obligados a contestar tal solicitud en una forma tan detallada y específica como lo han hecho los apelados, presentando declaraciones juradas y documentos que pongan en controversia los hechos materiales y esenciales que presenta el promovente. De no lograrlo, el tribunal puede dictar sentencia sumaria en su contra. Los jueces no están constreñidos por los hechos o documentos evidenciarlos que se aduzcan en la solicitud de sentencia sumaria. Deben considerar todos los documentos en autos, sean o no parte de la solicitud, de los cuales surjan admisiones que hagan las partes. El procedimiento de sentencia sumaria no permite que el tribunal dirima cuestiones de credibilidad. Vera v. Dr. Bravo, supra.
Los apelantes también alegan que el TPI erró al desestimar la demanda sin aplicar el debido proceso de ley, argumentando que la vista administrativa se celebró en ausencia de los apelantes, quienes no pudieron negar, aceptar o defenderse de los cargos imputados. No tienen razón. Surge claramente del expediente que el 27 de marzo de 2006, el Comité Ejecutivo le comunicó por escrito a cada uno de los apelantes la suspensión sumaria de sus cargos y la intención de expulsarlos de la organización. En dicha carta se les advirtió de su derecho a solicitar una vista administrativa ante el Oficial Examinador designado por FUPO. Luego, el 12 de abril de 2006, el Sr. Diego Figueroa Torres, Presidente Incidental de FUPO, le notificó individualmente a cada apelante que no tenía derecho a representación legal costeada por FUPO y le informó que la vista administrativa se celebraría el 28 de abril de 2006. Esa notificación fue entregada personalmente a cada uno de ellos por un emplazador contratado por FUPO. No obstante, el día de la vista los apelantes no se presentaron por lo que el Oficial Examinador procedió a conducir una vista en ausencia de éstos, luego de constatar que habían sido notificados personalmente de la fecha de la vista. Luego de recibida la prueba testifical y documental, el Oficial Examinador recomendó la destitución y expulsión permanente de los apelantes. Esta recomendación fue acogida por la Junta de Directores y el 11 de mayo de 2006 se procedió a notificarle a cada uno de los apelantes la expulsión de FUPO. En dicha comunicación se les advirtió de su derecho a presentar un recurso de revisión ante el TPI. Todo lo anterior nos permite concluir que a los apelantes no se les violó el debido proceso de ley a *998 que tenían derecho durante el procedimiento administrativo.
El uso del mecanismo de sentencia sumaria sólo procede cuando, como en este caso, el tribunal queda claramente convencido de que tiene ante sí documentos no controvertidos, surgiendo de los mismos que no existen controversias sobre hechos materiales y esenciales y que, por lo tanto, lo que resta es aplicar el derecho, ya que una vista en los méritos resultaría innecesaria. Jusino et als. v. Walgreens, 155 D.P.R. 560 (2001).
No existiendo en este caso duda alguna en cuanto a cuáles son los hechos materiales, no erró el TPI al declarar con lugar la moción de sentencia sumaria presentada por los apelados y desestimar la demanda contra ellos.
IV
Por los fundamentos antes expresados, confirmamos la sentencia apelada.
Así lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Leda. Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones
ESCOLIOS 2010 DTA 44

. Carlos M: Soto Torres, Daisy Carlo de Rodríguez, Oscar Rodríguez Figueroa, Arturo Centeno Navarro, Carlos Haddock Román, Miguel A. Rivera Cruz, Luis A. Castrillo Rivera, Israel López Ríos, Hermenegildo Rivera Ruiz y Diego Figueroa Torres.

. Apéndice 2, páginas 2 a la 6.

. Apéndice 3, página 14.