Opinión disidente emitida por la
Juez Asociada Señora Ro-dríguez Rodríguez.
Disiento de la determinación que hoy anuncia una mayo-ría de este Tribunal. Considero que una empleada de ca-rrera de una agencia pública que pasa a ocupar el segundo puesto de mayor jerarquía en una agencia de gobierno, en el servicio de confianza y quien, en el desempeño de sus fun-ciones en este puesto, incumple con sus obligaciones y debe-res dando lugar a que se violen crasamente las disposiciones sobre el reclutamiento y el principio de mérito contenidas en la Ley de Personal del Servicio Público de Puerto Rico, no debe continuar en el servicio público.
*905 Las determinaciones de hecho formuladas por la Comi-sión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público (CASARH) en este caso evi-dencian que la alta gerencia de la Corporación de Bellas Artes gestionaba todas sus transacciones de personal en función de un plan de clasificación para el servicio de ca-rrera que no había sido debidamente aprobado por la Ofi-cina de Recursos Humanos del Estado Libre Asociado, se-gún exigía la entonces vigente Ley de Personal de Servicio Público de Puerto Rico, Ley Núm. 5 de 14 de octubre de 1975 (3 L.P.R.A. see. 1301 et seq.). Como resultado, la gran mayoría de las transacciones de personal efectuadas eran ilegales y por lo tanto, nulas. A pesar de conocer este he-cho, la peticionaria continuó recomendando nombramien-tos al amparo de este plan de clasificación, lo cual provocó serias desviaciones del adecuado proceso de reclutamiento y el principio de mérito, fomentando que se efectuaran nombramientos nulos.
Todos los servidores públicos, pero muy en especial los que ocupan puestos de alta jerarquía en el servicio de con-fianza, tienen el deber y la obligación de cumplir con rigu-rosidad las normas del reclutamiento y la retención que consagra el principio de mérito. No pueden convertirse en cómplices del menosprecio de la letra de la ley, los regla-mentos y las normas que rigen la administración de recur-sos humanos de la agencia para la cual trabajan.
La política pública del Estado Libre Asociado de Puerto Rico, según expuesta en la Ley de Personal de Servicio Público de Puerto Rico, fue establecer el mérito como el valor que prima en el servicio público. Este principio pro-mueve que las personas que laboran en el gobierno sean las más aptas para ello y que todo empleado reclutado, promovido, trasladado o retenido, etc., lo fuera en conside-ración al mérito y a su capacidad. Fuera queda el discri-men por motivo de raza, color, sexo, nacimiento, edad, ori-gen o condición social, o por sus ideas políticas o religiosas. *906 Martínez v. Ofic. del Gobernador, 152 D.P.R. 586 (2000), Rodríguez v. Bco. Gub. de Fom. P.R., 151 D.P.R. 383 (2000). “La clave es la idoneidad del aspirante al servicio público.” (Enfasis en el original.) Martínez v. Oficina del Gobernador, supra, pág. 596.
Las actuaciones de la peticionaria en este caso son, como poco, un ejemplo del menosprecio de este valor tan fundamental para la buena marcha de la cosa pública. La-mento que una mayoría del Tribunal no lo aprecie así y valide la actuación crasamente negligente e irresponsable de la peticionaria. Por todo ello, respetuosamente disiento.