ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| RICHARD ALONSO RODRÍGUEZ, DEBBIE ALONSO RODRÍGUEZ Y SANTOS ALONSO CINTRÓN, SUPERMERCADOS MR. SPECIAL, INC., MARIOLA, INC., MAYAGÜEZ RESORT & CASINO, INC., S.A. PROPERTIES, INC. Y MAYAGÜEZ TOURIST DEVELOPMENT, S.E.<br><br>Demandantes-Apelantes<br><br>v.<br><br>EDWIN ALONSO RODRÍGUEZ<br><br>Demandado-Apelado | KLAN202300840 | *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: MZ2023CV01072<br><br>Sobre: Sentencia Declaratoria, Remedio Provisional |
| EDWIN ALONSO RODRÍGUEZ<br><br>Demandante<br><br>v.<br><br>RICHARD ALONSO RODRÍGUEZ, DEBBIE ALONSO RODRÍGUEZ Y SANTOS ALONSO CINTRÓN<br><br>Demandados | | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Número: MZ2023CV01089<br><br>Sobre: Sentencia Declaratoria, Injunction |

Panel integrado por su presidenta, la juez Barresi Ramos, la jueza Santiago Calderón y la jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de marzo de 2024.

Comparecen la parte demandante-apelante, Richard Alonso Rodríguez, Debbie Alonso Rodríguez y Santos Alonso Cintrón (¨apelantes naturales¨), Supermercados Mr. Special, Inc. (¨SMS¨), Mariola, Inc. (¨Mariola¨), Mayagüez Resort & Casino, Inc. (¨MRS¨), S.A. Properties, Inc. (¨S.A. Properties¨) y Mayagüez Tourist Development S.E (¨MTD¨) (¨corporaciones¨ y, en conjunto, ¨apelantes¨) mediante recurso de *Apelación.* Solicitan que revoquemos la

Número Identificador
SEN2024_____

*Sentencia* del 21 de agosto de 2023 dictada por el Tribunal de Primera Instancia, Sala Superior de Mayagüez ("TPI"). Mediante el referido dictamen, el TPI declaró con lugar una *Moción de Desestimación* y declaró nulos los fideicomisos de votos en cuestión, por no haberse inscrito en el Registro Especial de Fideicomisos de la Oficina de Inspección de Notarías ("ODIN").

Por los fundamentos que expondremos a continuación, se *confirma* la sentencia apelada.

**I.**

Los hechos del caso de autos se remontan a una *Demanda* presentada el 26 de junio de 2023 por los apelantes sobre la validez de ciertos fideicomisos de votos (voting trusts) y remedios provisionales.

Conforme surge del expediente, Don Santos Alonso Maldonado ("Don Santos") y Doña Iris María Rodríguez Rosa ("Doña Iris") se casaron bajo el régimen económico de la Sociedad Legal de Gananciales y procrearon cuatro hijos, a saber: Richard, Edwin, Debbie e Iris Vanessa. De una relación previa, Don Santos procreó al señor Santos Alonso Cintrón ("Santitos").

Durante la vigencia del matrimonio, Don Santos se dedicó a desarrollar varios negocios, principalmente en el área de supermercados, bienes raíces y hoteleras. Para cada negocio creó las siguientes corporaciones:

1) Supermercados Mr. Special
2) S.A. Properties, Inc.
3) Mariola Inc.
4) Mayagüez Resort & Casino, Inc., y
5) Mayagüez Tourist Development, S.E.

El 15 de julio de 2015, Don Santos y Doña Iris otorgaron ante el Notario Público Wilfredo A. Míguez cinco escrituras (Escrituras Núm. 127, 128, 129, 130 y 131) con la intención de constituir fideicomisos de votos sobre las acciones de las corporaciones. En particular, el matrimonio Alonso-Rodríguez creó los siguientes fideicomisos:

1) Fideicomiso para la Votación de las Acciones Corporativas de Supermercados Mr. Special, Inc.
2) Fideicomiso para la Votación de las Acciones Corporativas de S.A. Properties, Inc.

3) Fideicomiso para la Votación de las Acciones Corporativas de Mayagüez Resort & Casino, Inc.

4) Fideicomiso para la Votación de las Acciones Corporativas de Mariola, Inc. y

5) Fideicomiso para la Votación de las Acciones Corporativas de Mayagüez Tourist Development, S.E.

Don Santos fue designado como fiduciario de los fideicomisos constituidos y, en sustitución, se designó a sus hijos: (1) Santitos; (2) Edwin; (3) Richard; y (4) Debbie.

El 13 de enero de 2023, Doña Iris falleció. Posteriormente, el 31 de enero de 2023, Don Santos falleció.

Luego, el 22 de marzo de 2023, por convocatoria de Edwin Alonso Rodríguez, se celebró una reunión entre los herederos de Don Santos y Doña Iris, sus albaceas, los abogados de los albaceas, fiduciarios sucesores, y los abogados de los fiduciarios sucesores. En dicha reunión, el señor Edwin Alonso Rodríguez expresó que los fideicomisos de votos eran ineficaces porque no fueron inscritos en el Registro Especial de Fideicomisos, conforme dispone la Ley Núm. 219 de 31 de agosto de 2012, según enmendada, conocida como la *Ley de Fideicomisos* (Ley de Fideicomisos). El 26 de junio de 2023, nuevamente se reunieron y discutieron la validez de los fideicomisos de votos. Los apelantes argumentaron que se habían constituido correcta y válidamente, lo que implica que siguen siendo vigentes hasta el 15 de julio de 2035.

Expuesto lo anterior, los apelantes solicitaron al TPI que dictase una Sentencia Declaratoria reconociendo la validez de los fideicomisos de votos, ya que, estos, al ser criaturas de la Ley Núm. 164 de 16 de diciembre de 2009, según enmendada, conocida como la *Ley General de Corporaciones* (¨Ley de Corporaciones¨), solo tienen que cumplir con los requisitos de la referida ley y no tienen que ser registrados en el Registro Especial de Fideicomisos, creado por la Ley de Fideicomisos.

El 30 de junio de 2023, el demandado, el señor Edwin Alonso Rodríguez, presentó, de forma separada, una *Demanda* sobre Sentencia Declaratoria e *Injunction* contra sus hermanos, Richard, Debbie y Santitos, a

la que se le asignó el número MZ2023CV01089. Respecto a los alegados fideicomisos de votos, argumentó que son nulos toda vez que no fueron inscritos por el Notario en el Registro Especial de Fideicomisos que obra en la Oficina de Inspección de Notaría ("ODIN"), según requiere el Artículo 5 de la Ley de Fideicomisos.

El 5 de julio de 2023, las corporaciones, SMS, Mariola y S.A. Properties, presentaron una *Moción de Descalificación de Representación Legal* en cuanto a los abogados de la parte demandante. Adujeron que los abogados representan en un mismo pleito a partes con intereses adversos. A la moción de descalificación se unió el señor Edwin Alonso Rodríguez.

El mismo día, el apelado presentó una *Moción de Desestimación al amparo de la Regla 10.2(5) de las de Procedimiento Civil*. En síntesis, argumentó que la demanda presentada no expuso una reclamación que justificara la concesión de un remedio porque los apelantes aceptaron que los fideicomisos de voto nunca fueron inscritos en el Registro Especial de Fideicomisos.

A su vez, el apelado presentó una *Moción de Desestimación por falta de parte indispensable* en la que sostuvo que el pleito presentaba una controversia de índole sucesoral que involucra los derechos hereditarios de los descendientes de Doña Iris y Don Santos, por lo que era necesario la acumulación en el pleito del nieto, Andrés Orlando Pannocchia Alonso, en representación de su madre premuerta, Iris Vanessa.

Por involucrar ambas demandas a las mismas partes y tratarse de los mismos hechos, estas fueron consolidadas mediante *Sentencia Parcial* dictada el 6 de julio de 2023.

En la misma fecha, la parte demandante-apelante presentó su oposición a la descalificación de su representación legal.

El 13 de julio de 2023, los apelantes presentaron su oposición a la desestimación. Mediante esta, reiteraron que los fideicomisos de votos no tenían que ser inscritos en el Registro Especial de Fideicomisos, toda vez que no les es de aplicación la Ley de Fideicomisos.

Así, el 21 de agosto de 2023, el TPI dictó una *Sentencia* en la que declaró con lugar la desestimación por dejar de exponer una reclamación que justifique la concesión de un remedio y declaró la nulidad de los fideicomisos de votos. Allí, el TPI concluyó que:

> [...] Es principio básico de hermenéutica que se considere el texto de la ley tal y como fue aprobada por la legislatura. La ley es la expresión de un propósito o fin deseado y querido y el "texto claro de la ley es la expresión por excelencia de la intención legislativa". Irizarry v. Johnson and Johnson, 150 DPR 155 (2000). Al interpretar una disposición específica de una ley, los tribunales deben considerar siempre cuáles fueron los propósitos perseguidos por la Asamblea Legislativa al aprobarla. Martínez Figueroa v. Oficina del Gobernador, 152 DPR 586 (2000). A su vez, el Artículo 22 de nuestro Código Civil dispone que las palabras de una ley deben entenderse generalmente por su significado usual y corriente, sin atender demasiado al rigor de las reglas gramaticales, sino al uso general y popular de las voces. 31 LPRA sec. 5344. A tenor con dichos principios, **no albergamos duda de que la intención del legislador fue clara al consignar en el texto de la Ley el requisito de que, para adquirir validez, "todo fideicomiso" fuera inscrito en el Registro de Fideicomisos.** Es nuestra interpretación, que si el legislador hubiera querido excluir el fideicomiso de voto de la aplicación de los requisitos contemplados en la Ley 219-2012, expresamente lo hubiera hecho, pero no fue así. **Por tanto, venimos forzados a concluir que la inscripción en el Registro de Fideicomisos es un requisito *sine qua non* para la validez de los fideicomisos de votos.** [...]
>
> [L]os demandantes se amparan en la jurisprudencia de Delaware ante la falta de jurisprudencia de nuestro Tribunal Supremo en cuanto a los fideicomisos de votos. En cuanto al referido argumento, no puede obviarse que rige en Puerto Rico una ley que regula, expresa, clara y específicamente la figura de los fideicomisos. Habiendo ley aplicable, resulta innecesario evaluar y adjudicar el presente pleito conforme la legislación y el tratamiento jurisprudencial de los tribunales de Delaware. (Énfasis suplido).

Inconformes, los demandantes-apelantes presentaron el 20 de septiembre de 2023 un recurso de *Apelación.* Realizaron los siguientes señalamientos de error:

> **Erró el Honorable TPI al concluir que la Ley de Fideicomisos aplica a los Voting Trusts y que los requisitos de registro de dicho estatuto son obligatorios.**
>
> **Erró el Honorable TPI al determinar que los Voting Trusts son nulos por no haberse registrado / inscrito en el Registro Especial de Fideicomisos de la Oficina de Inspección de Notarías.**

Señalaron que la figura del fideicomiso de votos proviene de la Ley de Corporaciones de Delaware, en donde también existe un estatuto especial de fideicomisos que alegan que no aplica a los fideicomisos de votos.

El 25 de septiembre de 2023, emitimos una *Resolución* concediéndole a la parte apelada hasta el 20 de octubre de 2023 para exponer su posición.

Posteriormente, el 29 de septiembre de 2023, SMS, Mariola y S.A. Properties presentaron una *Moción de Descalificación*. Solicitaron la descalificación de la representación legal de los apelantes ante un alegado conflicto de intereses entre los apelantes naturales, Richard Alonso Rodríguez, Debbie Alonso Rodríguez y Santos Alonso Cintrón, y las corporaciones.

Mediante *Resolución* del 5 de octubre de 2023, otorgamos hasta el 13 de octubre de 2023 para que todas las partes que pudieran verse afectadas por la descalificación se expresaran. El 13 de octubre de 2023, los apelantes presentaron su *Oposición a Moción de Descalificación de Representación Legal* y expusieron que las alegaciones levantadas en la moción de descalificación ya habían sido consideradas por el TPI y declaradas académicas.

Luego, el 17 de octubre de 2023, la parte apelada solicitó una prórroga para presentar su alegato en oposición.

El 18 de octubre de 2023, intimamos una *Resolución* resolviendo que nos encontrábamos impedidos de revisar la moción de descalificación y concediéndole al apelado hasta el 27 de octubre de 2023 para presentar su alegato.

Por su parte, el 27 de octubre de 2023, la parte apelada presentó su *Alegato en Oposición a Apelación*. En lo pertinente, reiteró sus argumentos respecto a la aplicación de la Ley de Fideicomisos a la figura jurídica de los fideicomisos de votos y sobre el requisito de inscripción en el Registro Especial de Fideicomisos.

Más tarde, el 31 de octubre de 2023, la parte apelante presentó una *Moción al amparo de la Regla 80 del Reglamento del Tribunal de Apelaciones –*

*Solicitando Vista Oral* solicitando la celebración de una vista oral argumentativa.

El 3 de noviembre de 2023, SMS, Mariola y S.A. Properties presentaron una *Moción de Reconsideración* solicitando la reconsideración de la *Resolución* del 18 de octubre de 2023 en donde determinamos estar impedidos de ejercer nuestra función revisora sobre la moción de descalificación presentada por estos.

El 8 de noviembre de 2023, el apelado presentó una *Oposición a Solicitud de Audiencia Oral* oponiéndose a la celebración de una vista oral.

Posteriormente, el 13 de noviembre de 2023, mediante *Resolución* declaramos No Ha Lugar la solicitud de Vista Oral. Inconformes con nuestro dictamen, el 28 de noviembre de 2023, los apelantes solicitaron reconsideración de la *Resolución* denegando la Vista Oral. El 23 de enero de 2024, dictamos una *Resolución* declarando No Ha Lugar la referida reconsideración.

Perfeccionado el recurso y examinados los documentos que obran en el expediente, estamos en posición de resolver.

**II.**

**A. Ley de Fideicomisos**

El Artículo 1 de la Ley Núm. 219 de 31 de agosto de 2012, según enmendada, conocida como la *Ley de Fideicomisos* (Ley de Fideicomisos), establece que:

> El fideicomiso es un patrimonio autónomo que resulta del acto por el cual el fideicomitente le transfiere bienes o derechos, y que será administrada por el fiduciario para beneficio del fideicomisario o para un fin específico, de acuerdo con las disposiciones del acto constitutivo y, en su defecto, conforme a las disposiciones de esta Ley. 32 LPRA § 3351.

En virtud del Artículo 5 de la Ley de Fideicomisos, 32 LPRA § 3351d, se creó el Registro Especial de Fideicomisos adscrito a la Oficina de Inspección de Notarías de la Rama Judicial. El referido Artículo establece que ¨**[t]odo fideicomiso constituido en Puerto Rico se inscribirá en el Registro**

**Especial de Fideicomisos, bajo pena de nulidad**¨. (Énfasis suplido). A su vez, dispone los siguientes requisitos de forma para su constitución: a) el nombre del fideicomiso que se constituye; b) fecha y lugar de su constitución; c) número de escritura y nombre del notario ante quien se otorgó, en su caso; d) el nombre y la dirección del fideicomitente; e) el nombre y la dirección del fiduciario o fiduciarios y de sus sustitutos, si alguno, y; f) el nombre y la dirección del fideicomisario o fideicomisarios y de sus sustitutos, si alguno. Por último, establece que el notario que otorga la escritura por virtud de la cual se crea el fideicomiso viene obligado a notificarlo a ODIN, no más tarde de los primeros diez (10) días del mes siguiente a su otorgamiento.

Sobre este requisito de inscripción, surge de los informes rendidos tanto por la Comisión de lo Jurídico de la Cámara como la Comisión de lo Jurídico del Senado el siguiente comentario:

> Se propone la creación de un Registro Especial de Fideicomisos el cual habrá de brindar mayor seguridad al tráfico jurídico y habrá de ofrecer mayores garantías, ya que los acreedores tendrán mayores facilidades para enterarse de la constitución de fideicomisos que les pudieran afectar.
>
> **Todo fideicomiso debe de ser registrado bajo pena de nulidad. De esta forma se obliga a los comparecientes del documento a inscribirlo**.
>
> El Registro propuesto debería asemejarse en su funcionamiento al Registro de poderes y testamentos y al Registro de Corporaciones que son rápidos y eficientes. Debe considerarse asignarle un número de Seguro Social al fideicomiso al igual que a las corporaciones. (Énfasis suplido).

**B. Fideicomiso de Votos (¨Voting Trusts¨)**

El Artículo 7.08 de la Ley General de Corporaciones, 14 LPRA § 3648, regula la figura jurídica del fideicomiso de votos. Al respecto, dispone:

> **Artículo 7.08. — Fideicomiso de votos y otros acuerdos sobre votos.**
>
> A. Un accionista o cualquier número de ellos podrá, mediante acuerdo escrito, depositar acciones de capital de una emisión original con cualquier persona o personas o entidad o entidades o traspasar acciones de capital a las mismas para que actúen en calidad de fiduciarios, con el fin de otorgar a tal persona o personas, entidad o entidades que fueren designadas fiduciario o fiduciarios del voto, el derecho al voto que corresponda a tales acciones por un plazo fijado en dicho acuerdo, según los términos y condiciones consignados en el acuerdo. Dicho acuerdo podrá contener cualesquiera otras disposiciones lícitas que no sean

incompatibles con tal fin. Una copia del acuerdo será radicada en la oficina designada de la corporación en el Estado Libre Asociado de Puerto Rico, cuya copia habrá de estar disponible diariamente durante horas de oficina para examen por cualquier accionista de la corporación o beneficiario del fideicomiso conforme al acuerdo. Una vez radicada dicha copia, se expedirán certificados de acciones o acciones sin certificado al fiduciario o a los fiduciarios del voto en representación de cualesquiera acciones de una emisión original que se hubieren confiado en depósito a dicho fiduciario o fiduciarios. Todo certificado de acciones o acciones sin certificado que haya sido traspasado de este modo al fiduciario o fiduciarios del voto, deberán entregarse y cancelarse y en su lugar se expedirán nuevos certificados o acciones sin certificado al fiduciario o a los fiduciarios del voto. En los certificados, si los hubiera, constará el hecho de su expedición con arreglo al acuerdo acordado, hecho que figurará también en la anotación que de los fiduciarios del voto como titulares de las acciones se haga en los libros correspondientes de la corporación que expida el nuevo certificado. Los fiduciarios del voto podrán votar en representación de las acciones emitidas o traspasadas de este modo durante el término consignado en el acuerdo. El voto correspondiente a las acciones que figuren a nombre de los fiduciarios podrá emitirse personalmente o por poder; y al emitirse el voto en representación de tales acciones, tales fiduciarios del voto no incurrirán en responsabilidad alguna como accionistas, fiduciarios o en cualquier otra calidad, salvo en cuanto sus propias acciones culposas. En cualquier caso en que a dos (2) o más personas o entidades se les designe fiduciarios del voto, y en el acuerdo de su designación no se fije el derecho y el método de emisión del voto que en cualquier reunión de la corporación corresponda a las acciones que figuran a nombre de tales fiduciarios, el derecho a votar en representación de estas acciones y el método de emisión del voto correspondiente a ellas en tal reunión se determinará por mayoría de los fiduciarios. Si hubiere empate entre ellos, en cuanto al derecho y al método de emitir el voto, en representación de estas acciones, el voto correspondiente a las acciones se distribuirá por igual entre los fiduciarios.

B. Cualquier enmienda a un acuerdo de fideicomiso del voto será hecha por escrito y copia de dicha enmienda deberá ser radicada en la oficina designada de la corporación en el Estado Libre Asociado de Puerto Rico.

C. [...]

D. Este Artículo no se entenderá en el sentido de invalidar cualquier acuerdo de voto o de otra índole entre los accionistas o cualquier poder irrevocable que sea lícito. *Íd.*

El tratadista, Fletcher, estipula que un fideicomiso de votos podrá ser definido como:

[...] A **voting trust** may also be defined as a device by which one or more shareholders divorce the voting rights of their shares from the ownership, retaining the latter but transferring the former to one or more trustees in whom the voting rights of all the shareholders who are parties to the trust are pooled. [...] 5 Fletcher Cyc. Corp. § 2075.

Por otro lado, como norma general, Fletcher expone que:

[...] Except as may be limited by the voting trust statute, **the rules of general trust law apply to voting trusts unless the terms of the trust agreement provide otherwise**.

Considered as a trust, **the elements of a trust must be present, evidenced in such manner as the law requires**, and the trust must either come under a voting trust statute or must come within the common-law or general trusts that are valid within the state. [...] (Énfasis suplido). 5 Fletcher Cyc. Corp. § 2077.

En lo atinente a la aplicación de la Ley de Fideicomisos a la figura jurídica de los fideicomisos de votos, un Panel Hermano de esta Curia resolvió que la referida Ley es de aplicación, a pesar de que la figura fue creada en virtud de la Ley de Corporaciones. Allí, resolvimos que será requisito la inscripción de los fideicomisos de voto en el Registro Especial de Fideicomisos. Véase, *Fernández-Cuervo y Otros v. Palau Hartmann y Otros*, KLAN202300660. En el referido recurso, esta Curia determinó que:

[E]l Art. 7.08 de la Ley General de Corporaciones, el cual crea el fideicomiso de voto, de ninguna manera prohíbe, limita o restringe el mandato de la Ley de Fideicomisos que exige la inscripción de **todo** fideicomiso en el Registro Especial adscrito a la ODIN.

Además, señalaron que el trato que se le otorga a los fideicomisos en Puerto Rico es distinto al otorgado en Delaware. Sobre este particular, señalaron que:

[...] [C]oincidimos en cuanto a que el derecho corporativo en Puerto Rico es uno altamente influenciado por la legislación de [Delaware]. Por lo cual, en materias en las cuales exista controversia sobre cómo interpretar alguna disposición de nuestra Ley General de Corporaciones, acudir a los análisis que han realizado las cortes de dicha jurisdicción sirve de gran ayuda para solucionar algún asunto. Sin embargo, en algunas instancias, como la de autos, es necesario distanciarnos de las conclusiones arribadas por esos foros judiciales, debido a que los asuntos en controversia presentan particularidades que así lo ameritan. En cuanto a este caso, debemos señalar que los requisitos para constituir un fideicomiso en Puerto Rico son distintos a aquellos dispuestos en Delaware, puesto que aquí se requieren de ciertas formalidades adicionales para que este pueda advenir a la vida jurídica. En particular, como mencionáramos previamente, es un requisito indispensable que los fideicomisos se constituyan mediante escritura pública y, además, que consten inscrito en el Registro Especial de Fideicomisos. De lo contrario, los mismos serían **nulos**.

**III.**

En síntesis, mediante sus dos señalamientos de errores, los apelantes argumentan que el TPI incidió al resolver que la Ley de Fideicomisos le es de aplicación a los fideicomisos de votos y, por tanto, deben ser inscritos en el Registro Especial de Fideicomisos. No les asiste la razón. Veamos.

Nos corresponde determinar si la Ley de Fideicomisos aplica al fideicomiso de votos, creado en virtud de la Ley de Corporaciones. Los apelantes, erradamente, argumentan que los fideicomisos de votos únicamente deberán regirse por lo dispuesto en la Ley de Corporaciones.

Como es sabido, el 16 de diciembre de 2009, se aprobó la Ley de Corporaciones, mediante la cual se creó el fideicomiso de votos. Posteriormente, el 31 de agosto de 2012, nació la Ley de Fideicomisos con la intención de regular todos los fideicomisos constituidos en nuestra jurisdicción. Mediante la Ley de Fideicomisos se creó el Registro Especial de Fideicomisos. El estatuto expresamente dispone que todo fideicomiso constituido en Puerto Rico deberá ser inscrito en el referido Registro, so pena de nulidad.

Concordamos con el foro primario al exponer que, si el legislador hubiera tenido la intención de excluir al fideicomiso de votos de la aplicación de los requisitos contemplados en la Ley de Fideicomisos, expresamente lo hubiera dispuesto. El Artículo 22 del Código Civil establece que las palabras de la ley se entenderán por su significado usual y corriente.

Cónsono con lo anterior, el lenguaje utilizado por la Rama Legislativa en el Artículo 5 de la Ley de Fideicomisos es claro al establecer que **todo fideicomiso** se inscribirá en el Registro. Resulta forzoso concluir que el legislador no tuvo la intención de excluir al fideicomiso de votos del requisito de inscripción esbozado en la Ley de Fideicomisos.

A tenor con el derecho aplicable, concluimos que el foro primario actuó correctamente al determinar que, los fideicomisos de votos son nulos por no haberse inscrito en el Registro Especial de Fideicomisos.

## IV.

Por los fundamentos que anteceden, se *confirma* la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La jueza Santiago Calderón disiente con opinión escrita.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

## ESTADO LIBRE ASOCIADO DE PUERTO RICO
## TRIBUNAL DE APELACIONES
## PANEL ESPECIAL X

| | | |
|---|---|---|
| RICHARD ALONSO RODRÍGUEZ, DEBBIE ALONSO RODRÍGUEZ Y SANTOS ALONSO CINTRÓN, SUPERMERCADO MR. SPECIAL, INC., MARIOLA, INC., MAYAGÜEZ RESORT & CASINO, INC.; S.A. PROPERTIES, INC. Y MAYAGÜEZ TOURIST DEVELOPMENT S.E.<br><br>Demandantes-Apelantes<br><br>v.<br><br>EDWIN ALONSO RODRÍGUEZ<br><br>Demandado-Apelado | KLAN202300840 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: MZ2023CV01072<br><br>Sobre: Sentencia Declaratoria, Remedio Provisional |
| EDWIN ALONSO RODRÍGUEZ, EN SU capacidad de ALBACEA DE LA SUCN. SANTOS ALONSO MALDONADO<br><br>Demandante<br><br>v.<br><br>RICHARD ALONSO RODRÍGUEZ, DEBBIE ALONSO RODRÍGUEZ Y SANTOS ALONSO CINTRÓN<br><br>Demandados | | Apelación procedente del Tribunal de Primera Instancia, Sala Suprior de Mayagüez<br><br>Caso Número: MZ2023CV01089<br><br>Sobre: Sentencia Declaratoria, Injunction |

Panel integrado por su presidenta, la jueza Barresi Ramos, la jueza Santiago Calderón y la jueza Prats Palerm.

**VOTO DISIDENTE DE LA JUEZA SANTIAGO CALDERÓN**

En San Juan, Puerto Rico, a 13 de marzo de 2024.

Respetuosamente expreso mi disenso en torno a la determinación emitida por la mayoría del Panel, al confirmar la *Sentencia* emitida por el foro primario, mediante la cual se desestimó la *Demanda*[1] instada por los apelantes. En esencia, la mayoría de este Panel considera que es requisito la inscripción de los fideicomisos de votos en el Registro Especial de Fideicomisos adscrito a la Oficina de Inspección de Notarías (ODIN), esto, bajo

---

[1] Véase apéndice del recurso, págs. 497-517.

Número Identificador
SEN2024_____

la Ley Núm. 219-2012, según enmendada, conocida como la *Ley de Fideicomisos* (Ley de Fideicomisos)[2].

La controversia presentada ante nos, gira en torno a determinar si es necesaria o no la inscripción en el Registro Especial de Fideicomisos de cinco (5) fideicomisos de votos sobre acciones corporativas, constituidos mediante escrituras públicas otorgadas ante notario el 15 de julio de 2015, conforme a los parámetros de la Ley Núm. 164-2009, según enmendada, conocida como la *Ley de General de Corporaciones*[3] (Ley de Corporaciones).

Luego de examinar la normativa vigente, no estoy de acuerdo con que la Ley de Fideicomisos aplique a asuntos comprendidos en la Ley de Corporaciones, tales como los presentes en el caso de epígrafe. Desde mi criterio jurídico, creo en el concepto de que las corporaciones son entidades con personalidad jurídica independiente. En particular, la Ley de Corporaciones dispone expresamente cómo deben constituirse los fideicomisos de votos, en lo pertinente, el Artículo 7.08 establece lo siguiente:

> A. Un accionista o cualquier número de ellos podrá, **mediante acuerdo escrito**, depositar acciones de capital de una emisión original con cualquier persona o personas o entidad o entidades o traspasar acciones de capital a las mismas para que actúen en calidad de fiduciarios, con el fin de otorgar a tal persona o personas, entidad o entidades que fueren designadas fiduciario o fiduciarios del voto, el derecho al voto que corresponda a tales acciones por un plazo fijado en dicho acuerdo, según los términos y condiciones consignados en el acuerdo. Dicho acuerdo podrá contener cualesquiera otras disposiciones lícitas que no sean incompatibles con tal fin. **Una copia del acuerdo será radicado en la oficina designada de la corporación en el Estado Libre Asociado de Puerto Rico**, cuya copia habrá de estar disponible diariamente durante horas de oficina para examen por cualquier accionista de la corporación o beneficiario del fideicomiso conforme al acuerdo. Una vez radicada dicha copia, se expedirán certificados de acciones o acciones sin certificado al fiduciario o a los fiduciarios del voto en representación de cualesquiera acciones de una emisión original que se hubieren confiado en depósito a dicho fiduciario o fiduciarios. [...]
>
> B. **Cualquier enmienda a un acuerdo de fideicomiso del voto será hecha por escrito y copia de dicha enmienda deberá ser radicada en la oficina designada de la corporación en el Estado Libre Asociado de Puerto Rico**.
>
> C. Un acuerdo escrito entre dos (2) o más accionistas y firmado por ellos podrá disponer que, en el ejercicio de cualquier derecho al voto, dichos accionistas podrán votar en representación de sus acciones,

---

[2] 32 LPRA sec. 3351 *et seq*. Véase Art. 5 de la Ley de Fideicomisos. Dicho artículo establece que: "[t]odo fideicomiso constituido en Puerto Rico se inscribirá en el Registro Especial de Fideicomisos, bajo pena de nulidad".
[3] 14 LPRA sec. 3501 *et. seq*.

conforme a lo dispuesto en el acuerdo o como lo acuerden las partes o según se determine con arreglo a un proceso acordado por ellos.

D. **Este Artículo no se entenderá en el sentido de invalidar cualquier acuerdo de voto o de otra índole entre los accionistas o cualquier poder irrevocable que sea lícito**.[4] (Énfasis nuestro).

Asimismo, también coincido con la interpretación del profesor Carlos E. Díaz Olivo:

[...] **La tendencia de los tribunales es no extender las restricciones aplicables al fideicomiso de votos a otros fideicomisos o arreglos que no están estrictamente regulados en los estatutos**. De hecho, el inciso (D) del Artículo 7.08 dispone expresamente que: "Este Artículo no se entenderá en el sentido de invalidar cualquier acuerdo de voto o de otra índole entre los accionistas o cualquier poder irrevocable que sea lícito". Esta disposición es fundamental ante el objetivo legislativo que se persigue respecto a los fideicomisos de votos, pues elimina la necesidad de interpretaciones judiciales restrictivas. **El Artículo también está en armonía con el enfoque de independencia adoptado en la Ley, según el cual basta cumplir con las disposiciones de ley aplicables al procedimiento que la corporación utilizó; esto es, sin necesidad de cumplir con los requisitos aplicables a otras transacciones, aunque la transacción efectuada se asemeje a la regulada en otra disposición**[5]. (Énfasis nuestro).

Ahora bien, referente a la controversia que nos ocupa, no cabe duda de que ante una moción bajo la Regla 10.2 de las de Procedimiento Civil[6], el tribunal deberá tomar "como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas", y deberá interpretarlos conjuntamente, liberalmente y de la forma más favorable para la parte demandante[7].

Al revisar la *Moción de desestimación al amparo de la Regla 10.2 (5) de las de Procedimiento Civil*[8] presentada el 5 de julio de 2023 por el apelado, señor Edwin Alonso Rodríguez, su fundamento base es que la alegación veintinueve (29) de la *Demanda* constituye una admisión de parte y un reconocimiento de que los cinco (5) fideicomisos de votos no fueron inscritos en el Registro Especial de Fideicomisos y, ante ello, procede dictar su nulidad por incumplimiento con la *Ley de Fideicomisos*[9].

---

[4] 14 LPRA sec. 3648.
[5] C.E. Díaz Olivo, *Corporaciones: Tratado Sobre Derecho Corporativo*, 2da Ed. Rev., Editorial AlmaForte, 2018, pág. 283.
[6] 32 LPRA Ap. V, R. 10.2.
[7] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428-29 (2008).
[8] Véase apéndice del recurso, págs. 242-246. Es preciso mencionar que el apelado solo incluyó como anejo la *Sentencia* en el caso GM2018CV00359, no presentó certificación negativa de la ODIN.
[9] Véase apéndice del recurso, págs. 242-243.

De otro lado, los apelantes sostienen en su *Oposición a moción de desestimación*[10], presentada el 13 de julio de 2023, que la alegación veintinueve (29) de la *Demanda* no constituye una admisión y, en la alternativa, alegan que la ODIN no requiere la inscripción del fideicomiso de voto[11].

No obstante lo anterior, el foro primario determinó en su *Sentencia* que:

> [...] Lo cierto es que, luego de examinar la demanda presentada, **si bien no hay una admisión de que los fideicomisos de votos no están inscritos en el Registro**, tampoco surge de ninguna de las alegaciones **ni se acreditó que en efecto lo están**. Por el contrario, la parte demandante ha defendido su validez porque "entienden que no es requisito que los fideicomisos del voto se inscribieran en el Registro Especial de Fideicomisos para ser válidos y causar efectos jurídicos, por ser estos criaturas de la Ley de Corporaciones y no serlo de la Ley de Fideicomisos[12]. (Énfasis nuestro).

Coincido con el TPI en cuanto a que la alegación número veintinueve (29) de la *Demanda* no constituye una admisión. Además, ninguna de las partes suministró documento alguno de la ODIN referente a los cinco (5) fideicomisos de voto. Desde mi perspectiva, el foro primario no tenía los elementos necesarios para desestimar la causa de acción. El TPI venía obligado a tomar como cierto todos los hechos bien alegados en la *Demanda* y considerarlos de la manera más favorable a la parte demandante[13]. Por tanto, la *Demanda* no debió ser desestimada. Véase que, a su vez, existe una controversia sobre si es necesaria la inscripción del fideicomiso de votos en el Registro Especial de Fideicomisos, esto, conforme con las declaraciones

---

*2. Entre las alegaciones de los Demandantes, éstos aducen al párrafo 29:*

*"...29. **Los Fiduciarios Sucesores** <u>entienden</u> **que no es requisito que los Fideicomisos del Voto se inscribieran en el Registro Especial de Fideicomisos [para] ser válidos y causar efectos jurídicos, por ser estos criaturas de la Ley de Corporaciones y no serlo de la Ley de Fideicomisos.** Similarmente, todos los Fiduciarios Sucesores, con excepción de Edwin Alonso Rodríguez, entienden que las escrituras que constituyen los Exhibits 1 al 5 de este escrito, por sí, válidamente constituyeron Fideicomisos de Voto, entre otras cosas, porque las Empresas comparecieron a las escrituras, según aprobado por sus respectivas Juntas y fue certificado por sus respectivos secretarios".*

*[...]*

*3. En el párrafo 29 antes transcrito, los Demandantes admiten y reconocen que los cinco (5) fideicomisos de votos no fueron inscritos en el Registro Especial de Fideicomisos [...].*

[10] Véase apéndice del recurso, pág. 85-113.

[11] *Íd.*, pág. 92. Véase, además, declaraciones juradas que acompañan la *Oposición a moción de desestimación.*

[12] Véase apéndice del recurso, pág. 9.

[13] *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015); *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013).

juradas presentadas por los apelantes en su *Oposición a moción de desestimación*[14].

En virtud de lo anterior, soy del criterio que, en estos momentos, no procedía desestimar la *Demanda* del caso de epígrafe. Por entender que el TPI erró en su decisión, revocaría la sentencia apelada. Por ello, disiento respetuosamente.

Grisel M. Santiago Calderón
Jueza de Apelaciones

---

[14] Véase Entrada Núm. 21 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).